WOOLS v. REBERGER.

[No. 26,398. Filed November 1, 1935.]

*R. V. Tozer* and *Craig & Craig,* for appellant.

*Rawley & Stewart* and *Hutchinson & McQueen,* for appellee.

TREMAIN, J.—June 15, 1931, an order was entered by the Clay Circuit Court, enjoining the appellant from obstructing a certain right of way extending over his land. Thereafter, in May, 1933, the cause was redocketed and an affidavit was filed therein charging that the appellant had violated the order of the court by obstructing said right of way and asked that he be punished for civil contempt. Issues were closed and the cause was submitted to the court for trial which resulted in a judgment entered on July 19, 1933, finding appellant guilty and committing him to the Indiana State Farm so long and until he removed the obstructions from said right of way. On the same day the appellant filed his motion for a new trial, which was overruled, and prayed an appeal to this court. The record then discloses that upon the same date the court made a further order as follows:

"The court being advised that the defendant Grover Wools, has complied with the order and judgment of the court, made and entered June 15, 1931, in this cause by removing and causing to be removed all obstructions from the way recognized and referred to in said order and decree, the Sheriff of Clay County, Indiana, is now and hereby ordered to release from his custody, said Grover Wools."

Afterwards, the appeal was filed in this court.

From the foregoing it appears clearly that the question is now moot and there is nothing for the court to pass upon. The obstruction in the right of way ██ has been removed, and the appellant has been discharged from the custody of the sheriff.

An examination of the appellant's brief discloses that he has not set out therein either a copy of the motion for a new trial or the substance thereof, and has failed to show any exceptions taken to the ruling of the court thereon. His brief merely recites that the motion for a new trial was filed and overruled.

Appellant's brief does not contain under the heading "Points and Authorities" a copy of each assignment of error relied upon as required by the sixth clause of Rule 21 of this court. No attempt is made to comply with the court rules and the question attempted to be presented is moot.

Judgment is affirmed.